UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08CV-00130-JHM

DAPHANE L. THOMAS,                                                      PLAINTIFF

v.

HOPKINS COUNTY ATTORNEY, J. TODD P'POOL,
and HOPKINS COUNTY                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motion for summary judgment by Defendants. [DN 19] The Plaintiff has responded to the motion and in the alternative, she asks the Court to transfer the case to the Kentucky Board of Claims. The matter is ripe for decision.

First of all, the alternative relief is **denied**. This action is filed as a §1983 action. The Court has jurisdiction over the matter. Plaintiff cites no authority for the transfer of this case to the Board of Claims.

The Plaintiff's suit names as Defendants, Hopkins County Attorney. J. Todd P'Pool, and Hopkins County. In her complaint, the Plaintiff alleges that she was wrongfully arrested because "the Defendant, Hopkins County Attorney, J. Todd P'Pool wrongfully filed a Motion to Revoke Probation on April 2, 2008." Defendants state that discovery shows that J. Todd P'Pool had no personal involvement in the events leading to the Plaintiff's arrest. It is undisputed that another employee of the Hopkins County Attorney's Office, Robert Clemmons, made a mistake and sought a warrant for her arrest for non-compliance with certain terms of probation, when in fact, she was in compliance. Based on this erroneous information, an assistant county attorney, Lee Riddle, prepared a motion to revoke Plaintiff's probation and she was subsequently arrested on a probation

violation warrant. Plaintiff's complaint alleges that her arrest was without probable cause and that the County Attorney failed to investigate and determine that she was in compliance with her probation terms.

The Defendant's motion for summary judgment argues that the Plaintiff's suit is against J. Todd P'Pool in his official capacity only. As such, the action is simply an action against Hopkins County alone. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Hopkins County Attorney J. Todd P'Pool are, therefore, actually against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Hopkins County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable

3

§ 1983 claim. Accordingly, Defendants are entitled to summary judgment on the official-capacity claims.

In Plaintiff's response, she never directly challenges the assertion that her claims against J. Todd P'Pool are official capacity claims. But even if the Court construes her complaint to state a cause of action against J. Todd P'Pool, in his individual capacity, Plaintiff does not challenge Defendant's assertion that J. Todd P'Pool had no personal involvement in the events leading to her arrest. The plaintiff cannot hold the Defendant County Attorney liable under § 1983 for the negligence of his employees in conveying the information to him. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, --- U.S. ---- 129 S.Ct. 1937, 1948 (2009). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *McQueen v. Beecher Community Schs*. 433 F.3d 460, 470 (6th Cir. 2006)(citations omitted). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way

4

directly participated in it.'" McQueen, 433 F.3d at 470 (quoting Shehee, 199 F.3d at 300). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

In the present case, Plaintiff has shown no facts which would establish liability on the part J. Todd P'Pool, in his individual capacity. Specifically, Plaintiff has not disputed that P'Pool had no personal involvement in her wrongful arrest. His supervisory position does not automatically make him liable for the actions/inactions of his subordinates. Therefore, Plaintiff has shown no genuine issue of fact related to any individual capacity claim she may have intended to assert against P'Pool.

For the foregoing reasons, Defendant's motion for summary judgment is granted.

**So ordered.**

cc:   Counsel of Record